# Exhibit B

# LEVINE LEE LLP

1500 Broadway, Suite 2501
New York, New York 10036
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Seth L. Levine**
212 257 4040 direct
slevine@levinelee.com

April 12, 2023

<u>**VIA E-MAIL**</u>

Margaret Graham
Nicholas Folly
Allison Nichols
Assistant U.S. Attorneys
United States Attorney's Office
Southern District of New York
1 St. Andrew's Plaza
New York, New York 10007

   Re: <u>United States v. Gregoire Tournant, 22-cr-276 (LTS)</u>

Dear Counsel:

   Pursuant to Federal Rule of Criminal Procedure 7(f), we hereby request that the Government provide a bill of particulars in response to the items set forth below (paragraph numbers refer to the paragraphs in the Indictment). *See United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) ("A bill is appropriate to permit a defendant to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." (internal citation and quotation marks omitted)).

   We request that you inform us promptly of the Government's position regarding our request for these particulars, including how much time you will need to respond. If the Indictment specifically identifies any of the information sought below, we request that you provide only the information that has not been identified in the Indictment. To the extent that you decide not to comply with any specific request or with the request in its entirety, please notify us promptly.

1. Counts Two, Three and Four – Please identify each known aider and abettor alleged to have participated in each charged crime.

2. Paragraphs 1, 2, 3, 6, 7, 11, 27, 36, 72–77, 85–87 – Please identify each known conspirator for each charged conspiracy.

3. Paragraph 2 – For each "overstate[ment] [of] the level of independent oversight that AGI US and its

parent company Allianz were exercising over the Funds' strategy," please identify the following:

    a.   Each and every "overstate[ment]"
    b.   The date of such "overstate[ment]"
    c.   The maker(s) of such "overstate[ment]"
    d.   All others involved in such "overstate[ment]"
    e.   The recipient(s) of such "overstate[ment]"
    f.   The means/instrumentality by which such "overstate[ment]" was made.

4.   Paragraphs 2, 27 – For each "misrepresent[ation]" of the "hedging and other risk-mitigation strategies," please identify the following:

    a.   Each and every "misrepresent[ation]"
    b.   The date of such "misrepresent[ation]"
    c.   The maker(s) of such "misrepresent[ation]"
    d.   All others involved in such "misrepresent[ation]"
    e.   The recipient(s) of such "misrepresent[ation]"
    f.   The means/instrumentality by which such "misrepresent[ation]" was made.

5.   Paragraph 2 – For each "fraudulently altered document[] that AGI US [] provided to investors," please identify the following:

    a.   Each and every "fraudulently altered document[]"
    b.   The date of such "fraudulent[] alter[ation]"
    c.   The maker(s) of such "fraudulent[] alter[ation]"
    d.   All others involved in such "fraudulent[] alter[ation]"
    e.   The recipients of such "fraudulently altered document[]"
    f.   The means/instrumentality by which such "fraudulent[] alter[ation]" was made.

6.   Paragraph 2 – For each "fail[ure] to disclose relevant risk information to the Funds and the Funds' investors," please identify the following:

    a.   Each and every instance of a "fail[ure] to disclose relevant risk information"
    b.   The date of such "fail[ure] to disclose"
    c.   The omitter(s) who "failed to disclose relevant risk information"
    d.   All others involved in such "fail[ure] to disclose"
    e.   The would-be recipients of the "relevant risk information" but for such "fail[ure] to disclose"
    f.   The means/instrumentality by which such "fail[ure] to disclose" occurred.

7.   Paragraphs 3, 4, 29, 30 – For each "promise[]" please identify the following:

    a.   Each and every "promise"
    b.   The date of such "promise"
    c.   The maker(s) of such "promise"
    d.   All others involved in such "promise"
    e.   The recipient(s) of such "promise"
    f.   The means/instrumentality by which such "promise" was made.

8.  Paragraphs 4, 39, 69 – For each risk to which each investor was "exposed," for each Fund, please identify the following:

    a.  For each risk, the "true risk" being alleged
    b.  For each risk, the amount or extent of "higher risk" alleged
    c.  For each risk, the "true riskiness" alleged.

9.  Paragraph 5 – Please identify the investors identified as "some investors" and for each investor, please identify if it "would have never invested," "invested less," "redeemed [its] investment[]," and/or "would otherwise have altered [its] investment decision[]."

10. Paragraph 6 – Please identify all "weaknesses in AGI US's internal controls" alleged to have been exploited.

11. Paragraphs 6, 19, 21 – Please identify each and every instance in which you contend Mr. Tournant used the phrase "master cop," the date and location of such statement, the others involved in such statement, the recipients of such statement, and the means of such statement.

12. Paragraph 6 – Please identify the risk mitigation strategies that were "specifically promised to the Funds' largest investor."

13. Paragraph 7 – Please identify each of the "[m]ore than 100 institutional investors" who "were victims of th[e] scheme."

14. Paragraph 8 – Please identify the "other" acts of obstruction and provide the date and location of such action(s), as well as all persons involved in those actions.

15. Paragraph 13 – Please identify which investors constituted the "most cases" in which fiduciary duties were owed.  For Count Four, please identify in *which* cases fiduciary duties are alleged to have been violated.

16. Paragraph 14 – Please identify the source of the quotes in this paragraph.

17. Paragraph 25 – Please identify the "investor" that was "comfortable with a higher degree of risk." Please additionally identify the "investors" who considered the "manner and extent" of hedging.

18. Paragraph 28 – Please identify each of the "investors" to whom statements were made "that, in sum and substance, at the time the long-put positions were purchased, they would be placed at -10% to -25% out of the money."

19. Paragraph 32 – For each and every "quarterly report[]" or other statements or representation that "falsely represented that the hedging distances were in line with the represented strategy," please identify:

    a.  Each and every "quarterly report[]," statement, or representation that you contend was a "false[] represent[ation]"
    b.  The date of such "false[] represent[ation]"

    c.   The maker(s) of such "false[] represent[ation]"
    d.   All others involved in such "false[] represent[ation]"
    e.   The recipient(s) of such "false[] represent[ation]"
    f.   The means/instrumentality by which such "false[] represent[ation]" was made.

20. Paragraphs 39, 40, 41, 42, 43, 44, 48, 54, 55, 56, 57, 60, 62, 65, 66, 67, 68 – Please identify each and every "alter[ed] report[]", "altered material[s]," "alter[ed] spreadsheets", or "alter[ed] data" referenced in these paragraphs, and, for each report, material, spreadsheet, or data, identify any and all false information contained.

21. Paragraph 51 – With respect to the allegation that IDS projections were "systematically" understated and thereby misled investors, please identify the method(s) and/or system(s) used to "systematically" understate the IDS projections and mislead investors, as well as all those who operated or otherwise maintained such method(s) or system(s).

22. Paragraph 47 – Please identify each and every one of the "numerous investors" who requested copies of risk reports from the Structured Products Group.

23. Paragraph 52, 55 – Please list the investors identified in these paragraphs, and for each investor identified, the date, location, and means of communication alleged.

24. Paragraph 65 – Please identify those "certain investors" alleged who viewed Greeks as "useful and requested them."

25. Paragraph 70 – Please identify each and every person involved in communications between AGI US or Allianz and the SEC.

26. Paragraph 71 – Please identify any and all "false information" relating to the allegations in this paragraph.

27. Paragraph 76 – For each allegedly "false and fraudulent pretense[], representation[], and promise[]" in the Indictment, please identify the following:

    a.   The "pretense[]", "representation[]", and/or "promise[]"
    b.   The date of such "pretense[]", "representation[]", and/or "promise[]"
    c.   The maker(s) of such "pretense[]", "representation[]", and/or "promise[]"
    d.   All others involved in such "pretense[]", "representation[]", and/or "promise[]"
    e.   The recipient(s) of such "pretense[]", "representation[]", and/or "promise[]"
    f.   The means/instrumentality by which such "pretense[]", "representation[]", and/or "promise[]" was made.

28. Paragraph 76 – For each "wire, radio, and television communication in interstate and foreign commerce" alleged in the Indictment, please identify the following:

    a.   The "wire, radio, and television communication"
    b.   The sender(s) of such "wire, radio, and television communication"
    c.   The recipient(s) of such "wire, radio, and television communication"
    d.   The location of the sender(s) and recipient(s) at the time of sending.

29. Paragraph 79 – For each "false" or "misleading statement" to current [and/or] prospective investors "that substantially understated the risks being taken with respect to certain funds' investments," please identify the following:

    a. Each and every "false" or "misleading statement"
    b. The date of such "false" or "misleading statement"
    c. The location where such "false" or "misleading statement" was made
    d. The maker(s) of such "false" or "misleading statement"
    e. All others involved in such "false" or "misleading statement"
    f. The recipient(s) of such "false" or "misleading statement"
    g. The means/instrumentality by which such "false" or "misleading statement" was made.

30. Paragraph 81 – For each "fail[ure] to disclose to the Funds the true risks being taken with respect to their investments," please identify the following:

    a. Each and every instance of Mr. Tournant's alleged "fail[ure] to disclose to the Funds the true risks being taken"
    b. The date of such "fail[ure] to disclose"
    c. The location where such "fail[ure] to disclose" occurred
    d. All others involved in such "fail[ure] to disclose"
    e. The Funds to which Mr. Tournant allegedly "fail[ed] to disclose"
    f. The means/instrumentality by which such "fail[ure] to disclose" occurred.

31. Paragraph 83 – For each "false statement[]" made or "fail[ure] to disclose" to "investors and prospective investors [regarding] the true risks being taken with respect to the Funds' investments," please identify:

    a. Each and every "false statement[]" or "fail[ure] to disclose"
    b. The date of such "false statement[]" or "fail[ure] to disclose"
    c. The location where such "false statement[]" was made or "fail[ure] to disclose" occurred
    d. All others involved in such "false statement[]" or "fail[ure] to disclose"
    e. The recipients of such "false statements" or the would-be recipients of the statements that Mr. Tournant allegedly "fail[ed] to disclose"
    f. The means/instrumentality by which such "false statements" were made or such "fail[ure] to disclose" occurred.

32. Paragraph 87 – Please identify the "other[]" overt acts in furtherance of the obstruction conspiracy charged, and provide the date and location of such action(s), as well as all persons involved in those actions.

Mr. Tournant reserve all rights, including the right to supplement these requests.

Very truly yours,

/s/ Seth L. Levine
Seth L. Levine

cc:    Daniel R. Alonso, Esq.